CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 AUG -8 PM 1: 47
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ETHEL WEST, et al., | § § | |
| Plaintiffs, | § § § | |
| v. | § § § | Civil Action No. 4:15-CV-00800-O-BL |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

This action was commenced in October of 2015 with the filing of a complaint against the Commissioner of Social Security, but the Commissioner was never served as required by Federal Rule of Civil Procedure 4. (Doc. 9). On June 30, 2016, Ethel West was ordered to either file a valid return of service or show good cause in writing why service could not be made by August 1, 2016. (Doc. 5). West has not served the Commissioner or given any cause why service could not be made. Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." West has already failed to comply with an order that service be made within a specified time, and so this Court **RECOMMENDS** that this case be **DISMISSED without prejudice.**

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docked of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner

1

provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated August 8, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

2